MOORE, Circuit Judge,
concurring in the judgment.
I write separately to note the very restrictive standard of review that binds us in this case. As the majority notes, “[i]n a sufficieney-of-evidence challenge to a conviction, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” United States v. Grubbs, 506 F.3d 434, 438 (6th Cir.2007) (internal quotation marks omitted). This standard of review prevents us from weighing evidence and assessing witness credibility. Id. at 438-39. Malone presented testimony that he was not the only individual with access to the basement bedroom and that he had not been staying there routinely. Both of these facts could indicate that someone else placed the gun under the bed without Malone’s knowledge. However, given the conflicting evidence that Malone held the bedroom out as his residence, that Malone’s belongings were found near the gun, that no one else’s belongings were found in the room, and that Malone called his probation officer the day after the search, expressed concern to his probation officer that contraband had been found in his home, and asked his probation officer what would happen to him as a result, I cannot conclude that it was irrational for the trier of fact to conclude that Malone constructively possessed the weapon in question. Accordingly, I concur in the judgment affirming Malone’s conviction.